**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MINGMEI DING,

        Petitioner,

  v.

MERRICK B. GARLAND, Attorney
General,

        Respondent.

No. 20-72822

Agency No. A216-269-716

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 14, 2023**

Before: SILVERMAN, SUNG, and SANCHEZ, Circuit Judges.

Mingmei Ding, a native and citizen of China, petitions pro se for review of

the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's decision denying her applications for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"). We have

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations under the REAL ID Act.  *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010).  We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on Ding's omission from her credible fear interview that she lost consciousness while being interrogated, and inconsistencies between her credible fear interview and testimony regarding the frequency and duration of the interrogation and when she began practicing Christianity.  *See id.* at 1048 (adverse credibility determination reasonable under "the totality of circumstances"); *see also Silva-Pereira v. Lynch*, 827 F.3d 1176, 1185 (9th Cir. 2016) ("[A]n adverse credibility determination may be supported by omissions that are not details, but new allegations that tell a much different—and more compelling—story of persecution than [the] initial application[.]" (internal quotation marks and citation omitted)); *Singh v. Gonzales*, 403 F.3d 1081, 1089-90 (9th Cir. 2005) (indicia of reliability for asylum officer's notes).  Ding's explanations do not compel a contrary conclusion.  *See Li v. Garland*, 13 F.4th 954, 960-61 (9th Cir. 2021) (agency not compelled to accept explanations for discrepancies).  Substantial evidence also supports the agency's determination that Ding did not present corroborative evidence that would otherwise establish her eligibility for relief.  *See*

*Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014) (petitioner's documentary evidence was insufficient to independently support claim). Thus, in the absence of credible testimony, Ding's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Substantial evidence also supports the agency's denial of Ding's CAT claim because it was based on the same testimony found not credible, and the record does not otherwise compel the conclusion that it is more likely than not she would be tortured by or with the consent or acquiescence of the government if returned to China. *See id.* at 1157.

In light of this disposition, we do not reach Ding's remaining contentions regarding her eligibility for relief. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts are not required to decide issues unnecessary to the results they reach).

We do not consider the materials Ding references in her opening brief that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc) (court's review is limited to the administrative record).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**